## JOHN H. FREY *v.* PAUL M. MILLIKIN, AUDITOR.

1. While an ordinance prohibiting any person having the right to tap a public sewer from draining property adjacent to their own by means of pipes or other communications may not apply where both the adjacent and abutting property is owned by the same person, yet the prohibition extends to the adjacent property after its conveyance to another person.

2. The adequate local drainage for the usual purposes of sewerage, required by Section 2380, Revised Statutes (repealed, 96 O. L., 99), in order to exempt property from a sewer assessment, includes both permanency of physical structure, and control. Hence, a lot which has never been assessed for the construction of a sewer, and has no sewer connection except that it is drained by its owner by means of a private connection across another of his lots which has a direct and proper connection with a city sewer, which private connection is manifestly against the policy of an ordinance regulating the use of sewers, and exists only by the doubtful authority of one who has control only in his own right, which right of connection would cease altogether by the conveyance of such lot to another person, does not show such an adequate local drainage as will exempt it from an assessment to pay the costs of constructing another sewer.

HOSEA, J.

Injunction.

Plaintiff owns two lots and part of a third in the Burnet and Reeder subdivision, fronting on the west side of Burnet avenue, and extending one hundred feet westwardly. Lot No. 492, containing a dwelling, lies along the south side of Goodman street, while lot 493, and a fraction of 494, contain another dwelling and adjoin No. 492 on the south.

Lot No. 492 was assessed for a city sewer built in Goodman street to and somewhat beyond the rear line of the lots from the west, and a private sewer built over lot 492 at the rear, connects both houses with the city sewer on Goodman street.

Plaintiff claims exemption for both the properties, under Section 2830, Revised Statutes (repealed, 96 O. L., 99), as against assessment for the sewer built on Burnet avenue, alleging that said premises are completely provided with "local sewerage and that he is neither in need of nor can he use the Burnet avenue sewer."

There is no testimony showing that the Burnet avenue sewer can not be used by either of these properties, and the sole question for determination is whether the private connection across lot 492 is such a provision for "local drainage" as will sustain the exemption under the statute.

As to lot 492 there can be no question but that the claim of plaintiff is well founded. It has a direct and proper connection with a city sewer in a street upon which the lot abuts, and for which the lot has been assessed and has paid its proportionate share of the cost. This exemption I understand to be conceded, by counsel for the city.

Lot 493 and its extension, considered as one lot, stands however in a wholly independent relation. It has no sewer connection except a permissive one into the branch connection of lot 492. Lot 493 paid nothing toward the cost of the Goodman street sewer which was assessed against abutting lots (Section 2379, Revised Statutes). Its sewer needs are quite independent of the accident of ownership. The right of plaintiff to tap the Goodman street sewer was by

virtue of his ownership of lot 492, which abutted on Good-man street, and the connection extended thence to lot 493 was at least a technical violation of an ordinance of the city, existing since 1860, and reading as follows:

"Section 4.   Any person having the right to tap any pub-lic sewer, who shall by means of pipes or other communi-cation drain the cellars or vaults situate on property adja-cent to their own, shall, upon conviction thereof in the police court, pay a fine not to exceed $100, and upon second conviction for the same offense shall be debarred from the further right to drain into said sewer." (Cop. & Hert. Ord., 703.)

Whether or not this can be held to apply where the adjacent property is owned by the party having the right of sewer connection, it certainly would apply the instant the adjacent property passed into other hands.   In other words, the permission can not be perpetuated, even by contract, and may cease at any moment.   I do not think it can be main-tained that a mere private connection across other lots can, in view of the city ordinance above cited, be regarded as fulfilling the statutory requirements.   A careful reading of *Wewell* v. *Cincinnati*, 45 Ohio St., 407, and of *Ford* v. *Toledo*, 64 Ohio St., 92, leads to the conviction that the *"adequate drainage for the usual purposes of sewerage"* required to "work an exemption for the land from assess-ment" (*Ford* v. *Toledo, supra,* page 98) includes not only the idea of permanency of physical structure, as intimated by the court (*Wewell* v. *Cincinnati, supra,* pages 422, 423), but of control.   I do not think a connection manifestly against the policy of the local law, and which exists only by a permission of doubtful authority of one having control only in his own right in respect to other property can be held to a proper basis for exemption.

The injunction must, therefore, be continued and made permanent as to lot 492, but dissolved tnd set aside. as to lot 493 and thirteen feet of lot 494, and it is so ordered.

*C. K. Shunk,* for plaintiff.
*C. W. Scott,* Assistant City Solicitor, for defendant.